1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

8

9

10

11

12

| | |
|---|---|
| JAMES ROSKIND, | ) |
| | )     2:05-CV-0825-RCJ-RJJ |
|        Plaintiff, | ) |
| | ) |
|     vs. | )     **ORDER** |
| | ) |
| AARON EMIGH, *et al.*, | ) |
| | ) |
|        Defendants. | ) |
| | ) |

13

14

15

16

17

      This matter comes before the Court on Defendant Aaron Emigh's Motion to Dismiss (#10). Emigh claims that the Court lacks diversity jurisdiction in this case because Defendant Radix Labs, LLC, is non-diverse from Plaintiff. The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. Pursuant to the following analysis, Defendant's Motion to Dismiss (#10) is denied.

**BACKGROUND**

18

19

20

21

22

23

24

25

      Plaintiff James Roskind and Defendant Aaron Emigh are the sole members of Defendant Radix Labs, LLC, ("Radix") a Nevada limited liability company with its principle place of business in Nevada. The two parties each own a 50% interest in the company. Radix's property consists entirely of patent applications and the two parties cannot agree on how to prosecute the patents. Consequently, Roskind brings this diversity action against Emigh, seeking a judicial dissolution of Radix and distribution of title pursuant to NRS 86.485 and 86.521. Emigh now moves to dismiss the action for lack of subject matter

1    jurisdiction.  The two principal parties, Emigh and Roskind, are citizens of Nevada and

2    California, respectively.  Emigh argues that diversity jurisdiction fails because Defendant

3    Radix, as an LLC, must be deemed a citizen of the all states where its members reside.

4    Therefore, according to Emigh, Radix is a citizen of both California and Nevada for diversity

5    purposes, and complete diversity between the adverse parties is destroyed.  However, the

6    Court finds that Radix is a nominal party for diversity purposes and its presence in the

7    dispute does not destroy the Court's jurisdiction.

8                                              **DISCUSSION**

9

10   **I.       Motion to Dismiss Standard**

11            Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond

12   doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the

13   plaintiff to relief.  *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

14   The review is limited to the complaint, and all allegations of material fact are taken as true

15   and viewed in the light most favorable to the plaintiff.  *In re Stac Elecs. Sec. Litig.*, 89 F.3d

16   1399, 1403 (9th Cir. 1996).  Although courts assume the factual allegations to be true, courts

17   should not "assume the truth of legal conclusions merely because they are cast in the form of

18   factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

19            On a motion to dismiss, the court "presumes that general allegations embrace those

20   specific facts that are necessary to support the claim."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S.

21   871, 889 (1990).  However, conclusory allegations and unwarranted inferences are

22   insufficient to defeat a motion to dismiss under Rule 12(b)(6).  *In re Stac Elecs.*, 89 F.3d at

23   1403.  If either party submits materials outside of the pleadings in support or in opposition to

24

25                                              Page 2 of  5

1   the motion to dismiss, and the district court relies on these materials, the motion may be

2   treated as one for summary judgment.  *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.

3   1996).

4       In considering jurisdictional issues, "it is a fundamental principal that federal courts

5   are courts of limited jurisdiction."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374

6   (1978).  The burden of establishing subject matter jurisdiction is no the party seeking to

7   invoke the federal court's jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*,

8   511 U.S. 375, 377 (1994).

9   **II.    Legal Analysis**

10

11      Congress allows a state cause of action to be brought in federal court if there is

12  complete diversity of citizenship between all plaintiffs and all defendants and the amount in

13  controversy exceeds $75,000.  28 U.S.C. §1332(a)(1); *Ruhrgas AG v. Marathon Oil Co.*, 526

14  U.S. 574 (1999).  In this case, Plaintiff Roskind and Defendant Emigh are citizens of

15  different states.  The parties dispute how Defendant Radix's citizenship should be

16  characterized for diversity purposes.  On this issue, the Ninth Circuit has clearly held that

17  "like a partnership, an LLC is a citizen of every state of which its owners/members are

18  citizens."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir.

19  2006).  In reaching this conclusion, the court stated,

20
> LLCs resemble both partnerships and corporations.  Notwithstanding LLCs' corporate
21  > traits, however, every circuit that has addressed the question treats them like
> partnerships for the purposes of diversity jurisdiction. . . . This treatment accords with
22  > the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-
> corporate entities, including those that share some of the characteristics of
23  > corporations.

24

25                          Page 3 of 5

1   *Id.* (internal citations omitted).  Therefore, Defendant Radix, as an LLC, is a citizen of the

2   state of each of its members.  As Roskind is a citizen of California and Emigh is a citizen of

3   Nevada, Radix is a citizen of both states for diversity purposes.  Because Plaintiff Roskind

4   and Defendant Radix are deemed California citizens for diversity purposes, complete

5   diversity is lacking in this case.

6           However, Plaintiff argues that Radix is a nominal party in this suit, and its citizenship

7   should not be taken into account for diversity purposes.  The Court agrees.  In determining

8   the alignment of the parties for purposes of diversity jurisdiction, federal courts are required

9   to "look beyond the pleadings" to the actual interests of the parties in the subject matter of the

10  action.  *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).  The Ninth Circuit

11  has held that "[w]e will ignore the citizenship of nominal or formal parties who have no

12  interest in the action and are merely joined to perform the ministerial act of conveying the

13  title if adjudged to the complainant."  *Prudential Real Estate Affiliates v. PPR Realty*, 204

14  F.3d 867, 873 (9th Cir. 2003) (internal citations omitted).  In cases where business entities

15  are joined as parties solely for the purposes of dissolution, distribution of assets, or other

16  formal acts, courts have traditionally classified these entities as nominal parties for diversity

17  purposes.  For example, the Fifth Circuit held that a partnership's presence in an action did

18  not destroy diversity in an action brought by a partner seeking title to partnership assets

19  following dissolution, despite the fact the partnership was not diverse from the plaintiff.

20  *Wolff v. Wolff*, 768 F.2d 642, 645-46 (5th Cir. 1985).  Similarly, in an unreported case on

21  very similar facts to the present dispute, the District of Delaware held that in an action for

22  dissolution of a L.L.C. brought by the entity's co-owners, the L.L.C. was a nominal party for

23

24

25                                          Page 4 of 5

diversity purposes. *Polak v. Kobayashi*, 2005 WL 2008306, at *2-3 (D. Del. Aug. 22, 2005). The *Polak* court noted that the "real dispute" was between the co-owners of the L.L.C. and held the entity "is not a real party to the dissolution issue and should remain a nominal defendant. Accordingly, the Court concludes that . . . complete diversity of citizenship exists among the parties."). *Id.*

The material facts of this case are parallel to *Wolff* and *Polak*. The real dispute in this case is between Roskind and Emigh over the dissolution and distribution of the assets of Radix. Radix is a necessary party to the dispute, but is only present to effectuate the relief sought by the parties. It has no stake in the controversy. Therefore, Radix is a nominal party and its citizenship should not be considered for diversity purposes. As such, the fact that Radix is technically a citizen of the same state as Plaintiff does not destroy the Court's subject matter jurisdiction in this case.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (# 10) is *denied*. For diversity purposes, Defendant Radix Labs, LLC, is a nominal party, and its presence in the dispute does not strip the Court of jurisdiction over the matter.

DATED: April 2, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE