1

Rodney M. Jean, NV Bar # 1395
Gregory R. Gemignani, NV Bar # 7346
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-8888 (Telephone)
(702) 383-8845 (Fax)

2

3

4

5

Attorneys for Plaintiff James Roskind

6

7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

JAMES ROSKIND, an individual,

10

Plaintiff,

Case No.  CV-S-05-0825-RCJ-RJJ

11

v.

12

AARON EMIGH, an individual; and
RADIX LABS LLC, a Nevada limited liability
company,

13

14

Defendants.

15

16

**Statement Regarding Sale Terms**

17

At the trial on this matter, the court requested a filing of a statement regarding sale terms

18

or an alternative in preparation for a hearing on July 7, 2008.

19

**Efforts to Reach a Consensual Distribution of Patent Applications**

20

Immediately after the trial, counsel for the parties discussed a mediation process similar

21

to that attempted shortly after this case was commenced, by which the applications could be

22

distributed consensually.  Counsel for Dr. Roskind sent proposed groupings of the patent

23

applications to counsel for Mr. Emigh on June 18, 2008 as the first part of this process, along

24

with a proposal for a consensual process for dividing the patent application groups that was

25

similar to the post trial discussion. (See Exhibit A).  On June 27, 2008 counsel for Mr. Emigh

26

requested a sale protocol instead.   On July 2, 2008, counsel for Dr. Roskind sent a proposed

27

sales procedure that is substantially the same as the proposed procedure in this statement.  After

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

receiving the proposed sales procedure on July 2, 2008, counsel for Mr. Emigh suggested that groups identified below, and in Exhibit A, as D, E, and F should be in a common group and groups identified as K and L should also be in a common group.  Dr. Roskind will evaluate Mr. Emigh's proposed re-grouping promptly.

### Dr. Roskind's Proposal Regarding the Sale of Radix Labs Intellectual Property

Dr. Roskind proposes that a five stage process be used to distribute the assets of Radix Labs, LLC ("Radix Labs") (1) The issued patent – (PA-007) should be auctioned for sale in open court; (2) the patent applications should be grouped among like items to maximize the value of the portfolio; (3) the patent application groups should be auctioned for sale in open court using the method set forth below; (4)  the proceeds of the sales shall be paid in accordance with NRS 86.521, in the following order:  (a) the Roskind loans, (b) the net excess of Roskind expenses over Emigh expenses, and (c) Emigh and Roskind equally as return of capital contributions, after consideration of any court costs or fees awarded herein; and (5) the patent applications should be distributed according to the results of the competitive bidding process.

***The Issued Patent***

Dr. Roskind proposes selling the existinmd g issued patent (PA-007) at a court-supervised auction for all-cash bids, with the bidder to submit cash payment within three business days after the auction.  Each party would be free to invite whomever they would like to participate in the auction.  There would be no additional advertising or promotion of the sale at Radix Lab's expense, and no commissions paid.

Because Dr. Roskind and Mr. Emigh are the only creditors of Radix Labs, Dr. Roskind proposes a sale of PA-007, (the existing patent) combined with a sale protocol is likely to retire the existing debt.  This could easily be accomplished, since Radix Labs has received a third party offer of $75,000 for the existing patent.  If the expenses incurred by each party on behalf of

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

Radix Labs and submitted as Exhibits 603, 104, 105, 107, 108, 109, and 110 at the trial are netted against each other, the result is that Mr. Emigh has outstanding expenses totaling $18,296.82 and Dr. Roskind has outstanding expenses totaling $40,127.80, the net result is that Dr. Roskind is owed $21,830.98 in outstanding expenses. Additionally, Dr. Roskind is owed $51,280.13 from the two loans, including interest. Adding the two loans made by Dr. Roskind with interest thereon with Dr. Roskind's costs in excess of Mr. Emigh's costs, the result is that $73,111.11 is due to Dr. Roskind ("Roskind Debt"). Thus, sale of the existing patent at the amount of the current offer would retire all debt.

To the extent the price for the existing patent exceeds $73,111.11, any additional sums would be an evenly divided division of capital, after accounting for court costs and fees as set forth in this statement.

### The Patent Applications

While an open bidding process is appropriate for the issued patent, the same is not true of the patent applications. This is because the applications require further prosecution and will require the continued involvement of one of the inventors familiar with the invention to successfully articulate and guide the process in responding to office actions, in hopes of obtaining issued patents from the applications. Moreover, bringing any third party sufficiently up to speed to bid meaningfully on the applications of necessity will require disclosure of hitherto confidential information concerning the existing application and strategies for continued pursuit of the patent. Anyone invited to participate in the process should, at a minimum, be required to sign a confidentiality and non-disclosure agreement.

### Groupings:

Dr. Roskind has previously proposes that applications with common specifications be placed in the same group because these patent applications have a common subject area and

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3

origin, and identifies the groupings as follows:

| Proposed Patent Group | Specification Word Count | Docket Number | General Topic Area | Original Claims |
|---|---|---|---|---|
| A | 9180 | PA-004 | spam | 77 |
| B | 14946 | PA-001 | spam | 24 |
| B | 14946 | PA-002 | spam | 20 |
| B | 14946 | PA-003 | spam | 34 |
| C | 9170 | PB-005 | security (patching) | 75 |
| D | 6391 | PA-008 | location | 37 |
| E | 7815 | PA-006 | location | 32 |
| F | 9605 | PA-009 | location | 21 |
| G | 24524 | PQ-010 | multimedia | 32 |
| G | 24524 | PQ-011 | multimedia | 17 |
| H | 20320 | PQ-012 | backup | 37 |
| H | 20320 | PQ-013 | backup | 28 |
| H | 20320 | PQ-014 | backup | 21 |
| I | 12175 | PA-015 | spam/messaging | 20 |
| J | 15418 | PJ-016 | spam/messaging | 24 |
| K | 9274 | PA-017 | phishing | 20 |
| L | 20442 | PA-020 | phishing | 20 |
| L | 20442 | PA-018 | phishing | 20 |
| L | 20442 | PA-021 | phishing | 20 |
| L | 20442 | PA-019 | phishing | 20 |
| M | 4152 | PA-022 | phishing | 20 |
| N | 18289 | PJ-023 | voting | 20 |
| N | 18289 | PJ-024 | voting | 20 |
| O | 1997 | PA-025 | messaging | 20 |
| P | 6402 | PA-027 | policy | 20 |
| P | 6402 | PA-026 | policy | 20 |
| Q | 7620 | PJ-028 | location | 20 |
| Q | 7620 | PJ-029 | location | 20 |
| R | 12735 | PA-030 | search | 20 |

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

| Proposed Patent Group | Specification Word Count | Docket Number | General Topic Area | Original Claims |
|---|---|---|---|---|
| S | 10909 | PA-031 | phishing | 20 |
| T | 7272 | PA-032 | phishing/trusted path | 20 |
| U | 15552 | PA-033 | phishing/data security | 20 |
| V | 11019 | PB-034 | quarantine | 20 |
| V | 11019 | PB-035 | update distribution | 20 |
| V | 11019 | PB-036 | malicious message | 17 |
| W | 4744 | PB-037 | stateful remote control | 20 |
| X | 2318 | PA-038 | fraud detection | 20 |

(*note that Dr. Roskind will evaluate the applications in reference to Mr. Emigh's proposal presented July 2, 2008 that groups D, E, & F should be one group and groups K & L should be one group; however, he was not able to do so prior to the filing of this statement*)

### The Auction

Dr. Roskind proposes that the auction be limited to the parties and their invitees to protect the inventions and limit disclosure, while ensuring that one of the inventors will be involved in the continued prosecution of the patent application. Additionally, any third parties should be required to sign non-disclosure agreements to protect the information embodied in the patent applications, as set forth above.

The parties at the auction would take turns bidding on all of the patent groups simultaneously with the auction ending when the parties at the auction indicate their intent to cease bidding. This process should ensure that the most value for each patent group is achieved by allowing the parties to openly bid on the patent groups until each group has received its maximum value in relation to the other groups. At the end of the auction, the bids made by Dr. Roskind and Mr. Emigh shall be netted out and the party that bid more shall pay the company difference between their aggregated bids. For example, if Dr. Roskind's winning bids total

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

5

$300,000 and Mr. Emigh's bids total $200,000, then Dr. Roskind would owe Radix Labs

$100,000 and Mr. Emigh would owe Radix Labs nothing from the auction process.

***Repayment of Expenses and Loans and Distribution of Assets from Sales***

Upon payment by the successful bidders, the party making the payment shall receive the

patent or patent application and the inventors shall sign formal assignments for filing with the

United States Patent and Trademark Office.

The proceeds of the sales and other assets of Radix Labs[1] shall be paid in accordance with

NRS 86.521, in the following order:  (a) the Roskind loans, (b) the net excess of Roskind

expenses over Emigh expenses, and (c) Emigh and Roskind equally as return of capital

contributions, after taking into account any court orders regarding costs and fees.


LIONEL SAWYER & COLLINS


By:  /s/ Gregory R. Gemignani
Rodney M. Jean, NV Bar # 1395
Gregory R. Gemignani, NV Bar # 7346
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Attorneys for Plaintiff James Roskind

---

[1] Note that Radix Labs currently has $6,000 in a bank account and, according to the law firm of Van Pelt, Yi and James LLP, has approximately $6,000 on retainer with the firm, though the firm has indicated that there will likely be a bill not to exceed $5,000 submitted on or before July 11, 2008 for the firm's prosecution efforts regarding a Radix Labs docketed patent application.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

EXHIBIT A

**From:**  Rodney Jean
**Sent:**  Wednesday, June 18, 2008 1:04 PM
**To:**  'Brad Johnston'
**Cc:**  Greg Gemignani
**Subject:** Roskind v. Emigh

Brad:

**Proposed Patent Grouping**

The following is a table of the docketed patent applications organized into proposed groups.  The proposed groups are based upon common or nearly identical specifications, note that the specification word count tracks closely with the grouping.

As an initial step toward reaching some settlement or resolution to the matter, we are asking that you either confirm that the proposed groupings are an appropriate grouping of the applications or provide a proposed grouping or revision along with an explanation of the basis for the your proposed grouping.  Particularly since we are running out of time, I propose Phil Kantor, a local patent attorney who is smart and deals extensively with software and electronics IP as a mediator.  I know Phil socially, and I actually have represented him in a client collection matter on one occasion, but I don't think that would impair to get us to a mediated distribution of the patent applications.  I propose the same confidential 100 point valuation system we agreed to with Morrill.  Let me know your thoughts.    Rod

| Proposed Patent Group | Specification Word Count | Docket Number | General Topic Area | Original Claims |
|---|---|---|---|---|
| A | 9180 | PA-004 | spam | 77 |
| B | 14946 | PA-001 | spam | 24 |
| B | 14946 | PA-002 | spam | 20 |
| B | 14946 | PA-003 | spam | 34 |
| C | 9170 | PB-005 | security (patching) | 75 |
| D | 6391 | PA-008 | location | 37 |
| E | 7815 | PA-006 | location | 32 |
| F | 9602 | PA-007 (*Issued patent 7330112*) | location | 34 |
| F | 9605 | PA-009 | location | 21 |
| G | 24524 | PQ-010 | multimedia | 32 |
| G | 24524 | PQ-011 | multimedia | 17 |
| H | 20320 | PQ-012 | backup | 37 |
| H | 20320 | PQ-013 | backup | 28 |
| H | 20320 | PQ-014 | backup | 21 |
| I | 12175 | PA-015 | spam/messaging | 20 |

| J | 15418 | PJ-016 | spam/messaging | 24 |
|---|---|---|---|---|
| K | 9274 | PA-017 | phishing | 20 |
| L | 20442 | PA-020 | phishing | 20 |
| L | 20442 | PA-018 | phishing | 20 |
| L | 20442 | PA-021 | phishing | 20 |
| L | 20442 | PA-019 | phishing | 20 |
| M | 4152 | PA-022 | phishing | 20 |
| N | 18289 | PJ-023 | voting | 20 |
| N | 18289 | PJ-024 | voting | 20 |
| O | 1997 | PA-025 | messaging | 20 |
| P | 6402 | PA-027 | policy | 20 |
| P | 6402 | PA-026 | policy | 20 |
| Q | 7620 | PJ-028 | location | 20 |
| Q | 7620 | PJ-029 | location | 20 |
| R | 12735 | PA-030 | search | 20 |
| S | 10909 | PA-031 | phishing | 20 |
| T | 7272 | PA-032 | phishing/trusted path | 20 |
| U | 15552 | PA-033 | phishing/data security | 20 |
| V | 11019 | PB-034 | quarantine | 20 |
| V | 11019 | PB-035 | update distribution | 20 |
| V | 11019 | PB-036 | malicious message | 17 |
| V | 2318 | PA-038 | fraud detection | 20 |
| W | 4744 | PB-037 | stateful remote control | 20 |